IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES DAVENPORT,** | **CIVIL NO. 1:13-CV-1334** |
| Plaintiff | |
| | **(Judge Rambo)** |
| v. | **(Chief Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | |
| Defendant | |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the chief magistrate judge in which he recommends that Defendant's motion to dismiss be granted and that Plaintiff be granted leave to refile his complaint within the appropriate time. Defendant has filed a partial objection "to the filing of an amended complaint."[1]

**I.       Background**

Plaintiff James Davenport filed a Federal Tort Claim Act ("FTCA") action pursuant to 28 U.S.C. § 2671 *et seq.*, against the United States. In that action, Davenport alleges that he suffered injuries as a result of the negligent act of the prison at USP Canaan by serving chicken tainted with salmonella bacteria (Doc. 1). Davenport filed his administrative tort claim with the Bureau of Prisons on December 6, 2012. The Bureau of Prisons denied his administrative tort claim on June 5, 2013. Davenport was required by statute to bring a new action with this

---

[1] Defendant has filed a letter (Doc. 42) to the court indicating that he misinterpreted the magistrate judges' recommendation as one of filing an amended complaint rather than a recommendation of filing a new action.

court within six months after the filing and mailing of the denial of his claim by the agency, which would have been December 5, 2013. Davenport filed the instant law suit in this court on May 15, 2013.

## II. Discussion

Defendant claims that the complaint should have been dismissed without an opportunity to amend (Docs 39 & 40) (*but see* footnote 1 on previous page). Based on the Defendant's letter (Doc. 42), the partial objection filed to the report and recommendation is withdrawn; however, even an order directing the filing of a new complaint as of the date of the report and recommendation would be untimely.

In *McNeil v. United States*, 508 U.S. 106 (1993), the Court held "the most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." (*Id.* at 112.) Under the statute, Davenport could not file his lawsuit until after the date of the mailing of the notice of the final denial of the claim by the agency and not more than six months after same. *See* 28 U.S.C. § 2675(a); *see also Wadhwa v. Nicholson*, 367 Fed. Appx. 322, 325 (3d Cir. 2010). This would have required Plaintiff to file his complaint no later than December 5, 2013. Thus, Plaintiff has failed to file his complaint by the applicable statute of limitations after properly exhausting his administrative remedies.[2]

---

[2] Davenport wrote a letter to Magistrate Judge Carlson concerning what he deems to be a clerical mistake in his case number. The correct case number in this case is 1:13-CV-1334. His reference to 1:13-CV-1344 applies to another case not involving this plaintiff. A new case filed by Davenport is assigned to case number 3:14-CV-0742 and is assigned to another judge. Plaintiff will be required to pay a filing fee for this latter case.

The magistrate judge also recommended that the complaint be dismissed "without prejudice to the re-filing of this complaint." It appears that Davenport has filed a new suit to case number 3:14-CV-0742 on April 17, 2014. This court takes no position as to the proper filing of that suit.

**III.     Conclusion**

The court will adopt the recommendation of the magistrate judge that Defendant's motion to dismiss be granted, but the dismissal will be with prejudice. An appropriate order will be issued.

                                                          s/Sylvia H. Rambo
                                                          United States District Judge

Dated:  May 21, 2014.